UNITED STATES v. PHILADELPHIA, B. & W. R. CO.

(District Court, E. D. Pennsylvania.  January 2, 1920.)

No. 5246.

1. INTERNAL REVENUE ⬤⇒9—STOCK DIVIDENDS NOT SUBJECT TO CORPORATION EXCISE TAX.
   Under the Corporation Excise Tax Act of August 5, 1909, a corporation stockholder is not taxable on stock dividends received.

2. INTERNAL REVENUE ⬤⇒9—CORPORATION EXCISE TAX ACT INAPPLICABLE TO EARNINGS IN PREVIOUS YEARS.
   Under the Corporation Excise Tax Act of August 5, 1909, earnings made before 1909 cannot be considered income received during that year, merely because the corporation then distributed them in dividends.

3. INTERNAL REVENUE ⬤⇒9—CORPORATION EXCISE TAX PROPER ON DIVIDENDS FROM EARNINGS IN PREVIOUS YEARS.
   Under the Corporation Excise Tax Act of August 5, 1909, a corporation holding stock in another concern is liable on dividends declared by such concern in 1910, although such dividends represented in part earnings made before January 1, 1909.

4. INTERNAL REVENUE ⬤⇒7, 9—"EXCISE TAX" AND "INCOME TAX" DEFINED.
   An "excise tax" is an indirect charge for the privilege of following an occupation or trade, or carrying on a business; while an "income tax" is a direct tax imposed upon income, and is as directly imposed as is a tax on land.
   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Excise.]

5. CONSTITUTIONAL LAW ⬤⇒70(3)—LEGISLATIVE MEASURE OF EXCISE TAX CONCLUSIVE.
   Though Congress, in levying an excise tax, should restrict the measure of the tax to income derived from the occupation or business with respect to which the tax is levied, yet the measure fixed is conclusive on the courts.

At Law.  Action by the United States against the Philadelphia, Baltimore & Washington Railroad Company.  On rule for judgment for want of a sufficient affidavit of defense.  Leave to enter a specified judgment for plaintiff.

Robert J. Sterrett, Asst. U. S. Atty., and Francis Fisher Kane, U. S. Atty., both of Philadelphia, Pa.
John Hampton Barnes, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.  This case comes before us with the effect of a case stated; the facts being stipulated and to be treated as if incorporated in an affidavit of defense.  The facts are as follows:
   (1) The Delaware Railroad is a corporation, whose activities are limited to what is necessary to the continuance of its corporate existence.  In consequence, under the doctrine of the Minehill Case, it is not liable to the payment of an excise tax, and did not pay one.
   (2) The defendant corporation is the operating company, and operates the railroad of the Delaware Company through the part ownership of the stock of the latter company and an operating arrangement satisfactory to the two companies and their stockholders.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

(3) On February 21, 1910, the Delaware Company declared, and on February 28th of the same year paid, dividends, of which the defendant corporation received a large part.

(4) The dividends received were as follows:

| | |
|---|---:|
| Special cash dividend of 5 per cent.............................$ | 83,223.75 |
| Extra cash dividend of 20 per cent............................. | 332,895.00 |
| Stock dividend of 70 per cent................................. | 1,165,132.50 |
| Total ................................................... | $1,581,251.25 |

(5) The source of these cash dividends was earnings of the Delaware road divided as follows:

| | |
|---|---:|
| Before January 1, 1909........................................ | $334,889.29 |
| Since January 1, 1909........................................ | 81,229.46 |
| | $116,118.75 |

(6) There may be added to this statement, although not the statement of a fact, that Act Cong. Aug. 5, 1909, c. 6, 36 Stat. 112, by section 38 subjects every corporation to the payment of a special excise tax, equivalent to 1 per centum, upon "the entire net income * * * received by it from all sources during such year," etc.

(7) That counsel agree that the questions presented for decision are whether the defendant is liable for the tax upon or rather measured by

| | |
|---|---:|
| (a) The stock dividend of................................... | $1,165,132.50 |
| (b) The part of the cash dividends represented by the earnings after January 1, 1909.................................. | 81,229.46 |
| (c) The part of the same represented by earnings before January 1, 1909............................................. | 334,889.29 |

[1] (a) With respect to question (a), we understand it to be admitted that no tax is payable because of the stock dividend under the rulings in Towne v. Eisner, 245 U. S. 418, 38 Sup. Ct. 158, 62 L. Ed. 372, L. R. A. 1918D, 254, and Peabody v. Eisner, 247 U. S. 349, 38 Sup. Ct. 546, 62 L. Ed. 1152. In consequence no discussion is called for. It may be stated, in explanation, that this cause was ripe for hearing when the later cases were pending in the Supreme Court, and the present case was held awaiting the rulings to be made.

[2] (b) and (c) With respect to questions (b) and (c), it may be premised that if we were dealing with the case of a corporation which received earnings in one year, which it made the subject of the payment of dividends to its stockholders in another year, we would regard it as clear upon principle and authority that such earnings were no part of the income of the corporation during the latter year, merely because a dividend was declared in that year. If, therefore, the Delaware Company were not within the doctrine of the Minchill Case, 228 U. S. 295, 33 Sup. Ct. 420, 57 L. Ed. 842, and was subject to the 1909 tax, there could be no finding that the earnings before 1909 was income received during that year, nor during the year 1910 merely because then distributed in dividends. Southern Pacific v. Lowe, 247 U. S. 330, 38 Sup. Ct. 540, 62 L. Ed. 1142.

[3] It does not follow, however, that a dividend declared in 1910,

although necessarily out of earnings received at an earlier date, would not be part of the 1910 income of a stockholder of that company. On the contrary, we think it clear that it would be such. The Southern Pacific Case is not in conflict with this conclusion, although it is true it was there held that the dividend received by the stockholder was referred back to the time the earnings came to the Central Pacific corporation, because the ruling made was based upon the peculiar relations of the two companies, which were in fact such that they were held to be one and the same, and the question was in consequence ruled as if it had been one of the liability of the Central Company.

If, therefore, it were a fact in this case that the Delaware road was but another name for the defendant, or merely the hand by which the defendant received these moneys before 1909, they would not be held to be 1910 income, merely because there was a bookkeeping transfer at that time, but would be held to be the income of the years before 1909, when the moneys in fact came to the defendant. There is, however, no such fact in this case, but, on the other hand, the defendant is in this case merely as a stockholder of the Delaware road.

The case of Lynch v. Hornby, 247 U. S. 339, 38 Sup. Ct. 543, 62 L. Ed. 1149, is distinguished by counsel for the defendant. Whether properly so or not we do not stop to inquire, because, as we view it, the real doctrine of Southern Pacific v. Lowe sustains the proposition that dividends received by a stockholder are part of his income during the year in which they come to him. Counsel for defendant seems to read the latter case as ruling that the dividends there would not have been held taxable as income of the year in which received, except for the fact of the peculiar relations of the two companies. We read the ruling as precisely the reverse of this, and that the dividends would have been held taxable, except for this peculiar state of facts.

We confess to a feeling of being staggered by such a difference with capable and careful counsel with whom we would at any time hesitate to differ, and as we have not otherwise been able to reconcile the difference, we have sought to find it in the thought of the stockholder being a corporation. There is, of course, a fundamental difference between an income tax and an excise tax, both with respect to what is taxed and the source of the power to tax.

[4] We are concerned wholly with an excise tax. Whether it is a scientifically accurate concept of it or not, the concept of it as a charge for the privilege of following an occupation or trade, or carrying on a business, gives us a fairly good working idea of what it is. It is, in consequence, an indirect tax, and has no reference to earnings or income, except that the sum of such earnings or income may (as anything else may) be made the measure of the tax. An income tax, on the contrary, is a direct tax imposed upon the thing called income, and is as directly imposed as is a tax on land.

[5] If, therefore, an argument were being addressed to a legislator, it might be well urged that in framing an excise tax the measure should be limited to the yield, profits, or earnings of the occupation or business with respect to which the tax is imposed, and the measure should not be enlarged by the income which the taxpayer derived from other

sources wholly disconnected with the occupation or business "with respect to the carrying on or doing which" he is made subject to the tax. If, however, the legislator rejected the argument (as the exception in the act of 1909 proves was done), and applied the larger measure, the courts would be powerless to make the correction, even if it were assumed to be demanded by the justice of the case. In point of fact there would be little merit in the argument as applied to the facts of this case, because these dividends are as much earnings as any other part of what the defendant receives.

Without a further prolongation of the discussion, we are of opinion that the excise tax imposed by the act of 1909 and measured by both these cash dividends is payable by the defendant. As the amount of the judgment to be entered is a matter of calculation, and in order that it may have a definite date, no judgment is now entered, but counsel has leave to enter the judgment indicated in this opinion to be the proper one.