From C. P. Addams, Harrisburg, Pa.

---

## Commonwealth v. Harrisburg Light and Power Company.

*Electric light companies—Purchase and sale of appliances—Taxation—Mercantile license tax.*

An electric light company, incorporated for the purpose of supplying light, heat and power by means of electricity under the Act of May 8, 1889, P. L. 136, and subject to a tax of eight mills upon gross receipts under the Act of June 1, 1889, P. L. 420, which also buys and sells appliances, conveniences, supplies and accessories for the use of electricity, is not subject to the mercantile license tax imposed by the Act of May 2, 1899, P. L. 184.

Appeal from settlement of the Treasurer of Dauphin County for mercantile license tax. C. P. Dauphin Co., Commonwealth Docket, 1923, No. 58.

*John Robert Jones,* Deputy Attorney-General, for Commonwealth.

*Dougless D. Storey,* for defendant.

Fox, J., March 13, 1924.—This is an appeal by the corporation defendant from the settlement and an assessment of a tax by the county treasurer under the Mercantile License Tax Act for the year 1923; it was tried by agreement of the parties without a jury, as provided by the Act of April 22, 1874, P. L. 109.

### Findings of fact.

1. Harrisburg Light and Power Company, defendant, is a corporation formed under the General Corporation Act, approved April 29, 1874, P. L. 73, as amended, and particularly as amended by the Act approved May 8, 1889, P. L. 136. It was formed for the purpose of, and is engaged in, the supply of light, heat and power by electricity to the public in the City of Harrisburg, Dauphin County, Pennsylvania, and to such persons, partnerships and corporations residing therein or adjacent thereto as may desire the same, and by virtue of its purchase of the franchises and property of various similar constituent companies, it became vested with authority to supply electrical energy to the public in various other municipalities of Dauphin County, among which is the Borough of Steelton. It is a public service company, within the meaning of the Public Service Company Law, approved July 26, 1913, P. L. 1374, as amended and supplemented.

2. Defendant was engaged in said business during the calendar year of 1922, and is still engaged in said business.

3. During the calendar year of 1922 defendant did buy to sell, and did sell during said year to the public at its places of business in Harrisburg and Steelton (said places of business being separate and apart from the plant where electricity is generated), electric lamps, fans, wire, lighting fixtures, heating and cooking utensils, motors, sweepers or vacuum cleaners and other similar electric appliances, and the whole volume, gross, of business from said sales was $54,910.73.

4. The Mercantile Appraiser of the Commonwealth of Pennsylvania for the County of Dauphin notified defendant on April 14, 1923, that he had rated

it as a retail vender or dealer of goods, wares, merchandise, commodities or other effects of whatsoever kind or nature (except liquors) under the provisions of the Mercantile Tax Act of May 2, 1899, P. L. 184, and assessed a tax for 1923 against defendant to the extent of $57.66, being made up of

1. One mill tax upon total volume of business transacted during 1922 ($54,910.73) ................................. $54.91
2. Annual tax ......................................... 2.00
3. Fee of mercantile appraiser ........................... .50
4. Fee of county treasurer .............................. .25

$57.66

5. Defendant duly appealed from said assessment to the Treasurer of Dauphin County, who acted in conjunction with said mercantile appraiser, and appeared on the day appointed for said appeal, namely, June 14, 1923, as is provided in section 6 of said Mercantile Tax Act, and protested against any such assessment and liability for said tax.

6. On July 18, 1923, the said mercantile appraiser and county treasurer notified defendant they had dismissed its appeal.

7. On July 27, 1923, defendant duly appealed from said dismissal to the Court of Common Pleas of Dauphin County, as is provided in section 6 of said Mercantile Tax Act.

8. Defendant is subject to and pays annually the following taxes to the Commonwealth of Pennsylvania: (a) Capital stock tax, under the provisions of the Act approved July 22, 1913, P. L. 903, as amended; and (b) gross receipts tax, under section 23 of the Act approved June 1, 1889, P. L. 420; and paid said taxes for the calendar year of 1922.

9. Defendant filed with the Auditor General of the Commonwealth of Pennsylvania, under the provisions of said Gross Receipts Tax Act, its semi-annual gross receipts reports for the calendar year 1922, and included within said reports, under the item designated "From sale of lamps, wire, sockets, plugs, fuses, switches, lighting fixtures, heating or cooking fixtures or utensils, motors, electric sweepers or vacuum cleaners and all other electrical supplies, repairs, machines, utensils or devices," the said sum of $54,910.73, mentioned in paragraphs 3 and 4, supra. Settlements upon said reports were duly made by the said Auditor General and approved by the State Treasurer, and the tax thereon paid by defendant to the Commonwealth of Pennsylvania, which tax included a tax of eight mills upon said sum of $54,910.73.

10. In 1920 this same question of the liability of electric light companies for a tax under said Mercantile Tax Act was raised with the then Auditor General of the Commonwealth of Pennsylvania, who then decided that said companies were not subject to said tax by the Commonwealth of Pennsylvania under the terms of the said Mercantile Tax Act, and on Sept. 16, 1920, sent out identic letters to all the county treasurers in the Commonwealth of Pennsylvania, advising them to cancel assessments under the said Mercantile Tax Act on electric light companies.

11. Between the date of the above letter and Jan. 1, 1923, it had not been the practice of mercantile appraisers to appraise electric light companies on the sales of fixtures and supplies.

In a stipulation filed Aug. 11, 1923, it is agreed by the parties that the provisions of section 6 of the Act of May 2, 1899, P. L. 184, which require the court to hear and determine the appeal within twenty days after such appeal

shall be taken, or at the next sitting of the court, are hereby waived, and that the said appeal shall be heard and determined at the convenience of the court.

The question before us is, is an electric light company incorporated for the purpose of supplying light, heat and power by means of electricity under the Act of May 8, 1889, P. L. 136, and subject to a tax of eight mills upon the gross receipts under the Act of June 1, 1889, P. L. 420, and which also buys and sells appliances, conveniences, supplies and accessories by which to use such supply of electricity, subject to an additional tax of $2 and one mill additional on each dollar of the whole volume, gross, of business transacted as a retail vender of such appliances, conveniences, supplies and accessories, as provided for in the Act of May 2, 1899, P. L. 184?

### Discussion.

The Act of June 1, 1889, P. L. 420, which is entitled "A further supplement to an act to provide revenue by taxation, approved the 7th day of June, 1879," in its 23rd section, at page 432, provides: "And every electric light company incorporated or unincorporated to do business in this Commonwealth shall pay to the State Treasurer a tax of eight mills upon the dollar upon the gross receipts of said corporation, etc., from business of electric companies done wholly within the State."

For the year of 1922, the defendant company duly paid to the State Treasurer eight mills upon the dollar upon its gross receipts, but made no return, as is required by what is known as the Mercantile License Tax Act, approved May 2, 1899, P. L. 184, for the year 1923. Whereupon the mercantile appraiser made report thereof to the county treasurer, who, after interrogation and examination of the defendant, settled an account against it for mercantile license tax as a retail vender in the sum of $57.66, from which the defendant appealed, which appeal is now before us.

The defendant company contends that, having already been taxed under the Act of June 1, 1889, P. L. 420, it is not liable for the tax as imposed by the Act of May 2, 1899, P. L. 184.

By the act providing for its incorporation, the defendant was empowered to supply light, heat and power by means of electricity, and under the authority of Malone v. Lancaster Gas Light, etc., Co., 182 Pa. 309, was empowered from its beginning to deal in appliances, conveniences, supplies and accessories to further the purposes of its incorporation. It was bound to include in its gross receipts sales of electric supplies such as appliances, conveniences and accessories. See Com. v. Brush Electric Co., 204 Pa. 249.

The first question that we meet with is that of classification. That the legislature has a right to classify was decided in Knisely v. Cotterel, 196 Pa. 614. In the case of Malone v. Lancaster Gas Light, etc., Co., 182 Pa. 309, the court, at page 321, said: "It would be of no use to manufacture gas if there were not customers to buy, and, hence, the company may fairly supply not only the gas itself, but incidentally such appliances and conveniences as will induce new customers to use gas or old ones to use more. This is a legitimate mode of extending the company's business, in direct furtherance of its charter object." By this decision, we think, the sale by the defendant of appliances, conveniences, supplies and accessories was merged into the other and principal business of the company, which is that of supplying light, heat and power, and the sale of appliances, conveniences, supplies and accessories was, therefore, defined and classified as supplying light, heat and power. The concerns thus supplying were classified, and the taxes they must pay were definitely fixed by the Act of 1889, and this classification still remains unchanged.

Commonwealth v. Harrisburg Light and Power Company.

It is a well settled principle that when a tax is claimed a clear warrant of law for its imposition must be shown before it can be collected. The Act of 1899, which is entitled "An act to provide revenue by imposing a mercantile license tax on venders of, or dealers in, goods, wares and merchandise, etc.," in its last section, has a general repealing clause of all acts or parts of acts, general or special, that are inconsistent therewith. It provides, in the case of retailers, for the payment of a mercantile license tax of $2, and, in addition, one mill on every dollar on the whole volume, gross, of business transacted annually. But nowhere in this act does it specifically set forth that it is intended to apply to corporations and other concerns which, and whose entire business, the legislature has already classified for the purpose of taxation for revenue purposes of the State. In the case of Com. v. Sharon Coal Co., Ltd., 164 Pa. 304, it is said: "It has been settled that the legislature can, without making the revenue statute obnoxious to the Constitution, classify corporations for purposes of taxation; may sever a small class from a larger one; might subject one class to taxation and leave others untaxed: Com. v. Brewing Co., 145 Pa. 83, 85, and the cases there cited."

In Endlich on the Interpretation of Statutes, page 288, § 216, the author says: "Hence, if there are two acts, or two provisions in the same act, of which one is special and particular, and clearly includes the matter in controversy, whilst the other is general and would, if standing alone, include it also; and if, reading the general provisions side by side with the particular one, the inclusion of that matter in the former would produce a conflict between it and the special provision, it must be taken that the latter was designed as an exception to the general provision." And it is said by the same author, on page 288, § 223: "Having already given its attention to the particular subject, and provided for it, the legislature is reasonably presumed not to intend to alter that special provision by a subsequent general enactment, unless that intention is manifested in explicit language (a) or there be something which shows that the attention of the legislature had been turned to the special act and that the general one was intended to embrace the special cases within the previous one; (b) or something in the nature of the general one making it unlikely that an exception was intended as regards the special act. The general statute is read as silently excluding from its operation the cases which have been provided for by the special one (for, as was said of the relation of a general act to a local one applying to a single county of the State, 'it is against reason to suppose that the legislature in framing a general system for the State intended to repeal a special act which the local circumstances of one county had made necessary.' The fact that the general act contains a clause repealing acts inconsistent with it does not diminish the force of this rule of construction)."

The legislature had by the Act of June 1, 1889, § 23, P. L. 420, given special attention to the subject of taxing electric light companies such as the defendant for revenue for the State; there is nothing in the Act of 1899 to show that the legislature intended to alter that specific provision of taxation or that the latter act was intended to embrace the former act, nor is there anything in it that makes it unlikely that an exception was intended as regards the former act. It must, therefore, be presumed that the Act of 1899 did not intend to alter or reclassify the Act of 1889, but that the Act of 1899 excluded from its operation those concerns which were taxed under the Act of 1889.

If it were held that the defendant is subject to the provisions of both statutes, it would result in the defendant company being taxed twice by the Com-

monwealth on that same portion of its gross receipts, which resulted from the sales of the appliances, conveniences, supplies and accessories to promote the more important and larger branch of its business, the supply of light, heat and power by means of electricity. Although the tax on the gross receipts is for the year 1922, and the mercantile license tax is for 1923, yet the tax under the latter is to be measured by the volume of its business transacted in 1922, all of which in this case was gross receipts and had already been taxed. That the legislature has the power to impose the same tax twice on the same subject has been for a long time conceded and has been generally settled: Com. v. Lehigh Coal and Navigation Co., 162 Pa. 603. But double taxation as a rule is obnoxious. In Fidelity Co. v. Loughlin, 139 Pa. 612, the Supreme Court said: "Double taxation is never to be implied unless the implication is unavoidable." In Com. v. Bailey et al., 20 Pa. Superior Ct. 210, it is said: "Double taxation will not be presumed in the absence of a clear intent to impose it; it is not forbidden by the Constitution and is sometimes unavoidable." "Double taxation obnoxious to the rule is where the second or additional burden is imposed by the same sovereignty which imposes the first. Double taxation in a legal sense does not exist unless the double tax is levied upon the same property within the same jurisdiction: Judy v. Beckwith, 15 L. R. A. (N. S.) 142, and note," 262 Pa. 236. In 1 Cooley on Taxation (3rd ed.), 394, it is said: "By duplicate taxation in this sense is understood the requirement that one person or any one subject of taxation shall directly contribute twice to the same burden, while other subjects of taxation belonging to the same class are required to contribute but once."

And at page 398 the distinguished author says: "It has very properly and justly been held that a construction of tax laws was not to be adopted that would subject the same property to be twice charged for the same tax, unless it was required by the express words of the statute or by necessary implication. It is a fundamental maxim in taxation that the same property shall not be subject to a double tax payable by the same party, either directly or indirectly; and where it is once decided that any kind or class of property is liable to be taxed under one provision of the statutes, it has been held to follow, as a legal conclusion, that the legislature could not have intended that the same property should be subject to another tax, though there may be general words in the law which would seem to imply that it may be taxed for a second time. This is a sound and very just rule of construction, and it has been applied in many cases where, at first reading of the law, a double taxation might seem to have been intended."

In this case, we think, so far as the tax on the gross receipts is concerned, the claim would come under the definition of double taxation as given in the foregoing authorities. It would be the same subject of taxation directly contributing twice to the same burden imposed by the same power.

It is true that the Act of 1899 imposes a tax of one mill additional on every dollar of the whole volume, gross, of business transacted annually, and in the 4th section defines the meaning of the whole volume of business by including cash receipts and merchandise sold on credit, and by merchandise sold on credit introduced another subject than that embraced in the Act of 1889, which is gross receipts only, but this we do not think has any disturbing effect upon the classification as made by the Act of 1889. In the case at bar the mercantile tax attempted to be laid is not upon merchandise sold on credit, but upon $54,910.73 worth of cash receipts from merchandise, such as appliances, conveniences, supplies and accessories bought and sold by the defendant and

included in its gross receipts for the year 1922, upon which it has paid the eight mills tax; the tax demanded is for the year 1923, based upon the whole volume of retail business transacted by the defendant in the year 1922, and whilst it is a tax for a different year from that upon which the tax is made, yet it is a second tax demanded upon the same gross receipts. If merchandise is sold on credit, while it may not be taxed in the year sold, yet it will be embraced in the gross receipts in some succeeding year when paid.

As was said in the case of Com. v. Fall Brook Coal Co., 156 Pa., at page 495: "Whatever method may be adopted, the same capital is reached and the ultimate burden is on the same persons," so we may say here, the same subject is reached.

### Conclusions of law.

1. That the defendant company as to all of its business and receipts was classified under the Act of May 8, 1889, P. L. 136.

2. That the Act of May 2, 1899, P. L. 184, did not change its classification.

3. That the defendant was not embraced in the provisions of the Act of 1899, supra.

4. That to impose the tax claimed would be double taxation without the clear intent of the Act of 1899, supra, to impose it as such.

5. That to impose the tax under the Act of 1899, supra, would be doing so contrary to the intent of the act.

6. The defendant is not liable for the tax claimed.

Wherefore, judgment is directed to be entered in favor of the defendant, the appellant, unless exceptions be filed within thirty days.

From George R. Barnett, Harrisburg, Pa.