Sley System Garages *v.* Philadelphia, Appellant, et al.

Argued October 7, 1939.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Abraham L. Shapiro,* with him *Abraham Wernick,*
Assistant City Solicitors, and *Joseph Sharfsin,* City So-
licitor, for appellant.

*Marshall A. Coyne,* with him *Gustave F. Straub,* and
*David J. Smyth,* for appellee.

OPINION BY PARKER, J., April 21, 1939:

This is a bill in equity brought by Sley System
Garages, a corporation organized under the laws of
Pennsylvania, against the city of Philadelphia, the
mayor and certain other city officials to restrain the
enforcement of an ordinance imposing a "tax of ten
per centum of gross receipts from all transactions in
or for the parking of automobiles or motor vehicles on
open parking lots in the City of Philadelphia." Pre-
liminary objections were filed to the bill by the city and
the other defendants. A stipulation was entered into
between counsel, with the approval of the court, provid-

ing that no answer would be filed in behalf of the city raising questions of fact, that any order of the court made disposing of the preliminary objections should be made without leave to the city to file an answer on the merits, and that the court in disposing of the preliminary objections should enter a final decree. After argument the preliminary objections were dismissed and a final decree was entered restraining the city and its officers from proceeding in any manner whatsoever to enforce compliance by the plaintiff with any of the provisions of the ordinance in question. We are in accord with the conclusions of the court below as well as with the reason given for such action.

The principal argument of appellee before the lower court and the ground upon which the decree was entered was that the tax imposed by the ordinance under attack was in violation of the terms of the Act of August 5, 1932, P. L. 45 (53 PS §4613), generally known as the Sterling Act, the act under which the city undertook to levy the tax. The material provisions of that statute are as follows: "The council of any city of the first or second class shall have the authority by ordinance, for general revenue purposes, to levy, assess and collect, or provide for the levying, assessment and collection of, such taxes on persons, transactions, occupations, privileges, subjects and personal property, within the limits of such city of the first or second class, as it shall determine, except that such council shall not have authority to levy, assess and collect, or provide for the levying, assessment and collection of, any tax on a privilege, transaction, subject or occupation or on personal property which is now or may hereafter become subject to a State tax or license fee." The act then declared the legislative intent to be to confer upon cities of the first and second classes "the power to levy, assess and collect taxes upon any and all subjects of taxation which the Commonwealth has power to tax

but which it does not now tax or license," and that a subsequent election by the Commonwealth to collect the tax which duplicated a tax covered by the ordinance should automatically terminate the provisions of the ordinance in that respect on the effective date of the statute. An ordinance was enacted by the city with due formality imposing a tax of ten per cent of gross receipts from all transactions in or for the parking of automobiles or motor vehicles on open parking lots in the city of Philadelphia.

The validity of the ordinance was challenged on a number of grounds but we shall direct our attention to the reason stressed by the appellee and relied upon by the court below. They say that all "transactions in or for the parking of automobiles or motor vehicles on open parking lots," which transactions the city is attempting to tax, are now subject to a state tax imposed by Act of May 16, 1935, P. L. 208, reenacted April 8, 1937, P. L. 227, designated as "The Corporate Net Income Tax Act"; in other words, that the ordinance duplicated a tax imposed by the state. That act provides (72 PS §3420c) that "every corporation shall be subject to, and shall pay for the *privilege of doing business* in the Commonwealth, a State *excise* tax at the rate of six per centum per annum upon each dollar of net income of such corporation." (Italics supplied.)

Our problem is therefore to determine whether we have a case of double taxation as that term is defined in the enabling statute and we should first inquire how it is to be determined. While the legislature had the power to impose double taxation *(Com. v. Lehigh C. & N. Co.* 162 Pa. 603, 610, 29 A. 664; *Com. v. Hbg. L. & P. Co.,* 284 Pa. 175, 178, 130 A. 412), such taxation is expressly prohibited by the Sterling Act and the legislature has prescribed the respect in which the duplication must not occur. Double taxation is not here, as is frequently the case, a mere aid to interpreta-

tion, but it is an absolute bar to the enactment of an ordinance by the city under that act and it is to that act that we must look for an answer. The act grants to the city broad powers to levy taxes for revenue purposes subject to an important exception. None of the taxable things, tangible or intangible, first mentioned, with the exception of persons, may be made the *subject* of a tax by the city if they are the *subject* of a state tax or license fee. The subject of the tax, whether privilege, transaction, occupation or personal property, is made the basis for determining whether there is duplication.

In the ordinance under attack the sole *subject* of taxation is gross receipts from all transactions in and for the parking of automobiles or motor vehicles on open parking lots. As we construe the ordinance, the tax is imposed on the transaction of parking and the amount of the tax is to be measured by the gross receipts from that source. Turning to The Corporate Net Income Tax Act, the subject of the tax as expressed by the legislature is the "privilege of doing business." That is to say, the tax is imposed upon all the transactions of the corporation and the amount of the tax is measured by net income. The Supreme Court speaking through the Chief Justice has so held. "This so-called income tax was designed to levy a tax on business associations, foreign and domestic, for the privilege of doing business in the State. . . . . . . The amount of the tax to be collected is measured by 6% of the net earnings or profits. . . . . . . It is not now open to question that a state has authority to levy a tax on the privilege of doing business measured by income accumulated within the state": *Turco Paint & Varnish Co. v. Kalodner,* 320 Pa. 421, 423, 429, 184 A. 37.

The transacting of all business by a corporation has been taxed by the state and that field has been preempted by it. The plaintiff is a corporation and its

business is parking cars on open lots. The city has attempted to impose a tax on the transactions of parking but that duplicates the tax to the plaintiff for it has already been made subject by the state to a tax on all transactions. As concerns the plaintiff the same transaction is taxed twice. If the city could impose this second tax upon this corporation, it could impose a similar tax upon the particular activities of all other corporations carrying on business within the city. This would seem to be a clear case of imposing a second tax upon the same subject.

It is true that the character of a tax cannot be changed by calling it by a particular name *(Kelley v. Kalodner,* 320 Pa. 180, 187, 181 A. 598; Opinion of the Justices, 220 Mass. 613, 624, 108 N. E. 570, 574), but the legislative designation is an important factor in determining its character. The declared purpose of the act is to be accepted as true, unless incompatible with its meaning and effect: *Flint v. Stone Tracy Co.,* 220 U. S. 107, 145, 31 S. Ct. 342; *Hazen v. Essex Co.,* 12 Cush. 475, 477; *S. S. White Dental Mfg. Co., v. Com.,* 212 Mass. 35, 98 N. E. 1056.

The argument of the appellant is based almost exclusively upon the assumptions that the tax imposed by the ordinance is an excise tax while that imposed by the statute is a property tax 'and that the two taxes are therefore not on the same subject. In support of the conclusion the appellant relies principally upon *Blauner's, Inc. v. Phila.,* 330 Pa. 340, 198 A. 889. We will examine in turn the premises and the deduction.

An excise has been usually described as a charge for the privilege of following an occupation or trade or carrying on a business: *U. S. v. Phila. B. & W. R. Co.,* 262 Fed. 188; *Cadwalader v. Lederer,* 273 Fed. 879. A property tax is more difficult to define due to a large extent to the varying content of the expression, dependent upon the character of the matter under con-

446

sideration. We can readily identify the usual tax on real estate or tangible property or even direct taxes on such intangibles as stocks, bonds, mortgages or other evidences of indebtedness as a property tax. (See *Com. v. A. Overholt & Co.,* 331 Pa. 182, 200 A. 849). The term has, however, frequently a broader connotation. This broader use of the term was expressed by the Supreme Court of Massachusetts in language approved by our Supreme Court in *Kelley v. Kalodner,* supra, p. 187, as follows: " 'A tax upon income from money on deposit or at interest, from bonds, notes or other debts due, and as dividends from stocks, coupled with exemption from all other taxation of the principal from which such income flows, is in substance and effect a tax upon the property from which it is derived. A tax upon the income of property is in reality a tax upon the property itself. Income derived from property is also property. Property by income produces its kind, that is, it produces property and not something different. It does not matter what name is employed. The character of the tax cannot be changed by calling it an excise and not a property tax. In its essence a tax upon income derived from property is a tax upon the property.' " It has been necessary for the courts to consider this enlarged meaning of the term in ascertaining the line of demarcation between an excise and a property tax in a consideration of the limits imposed on Congress by the Federal Constitution *(Pollock v. Farmers' Loan & Trust Co.,* 157 U. S. 429, 15 S. Ct. 673, 158 U. S. 601, 15 S. Ct. 912; *Brushaber v. Union P. R. Co.,* 240 U. S. 1, 36 S. Ct. 236), and on the various state legislatures by state constitutions *(S. S. White Dental Mfg. Co. v. Com.,* supra; *Thomson Elec. W. Co. v. Com.,* 176 N. E. 203), including similar situations in Pennsylvania *(Kelley v. Kalodner,* supra).

In considering the constitutionality of the graduated income tax act of July 12, 1935 (72 PS §3402-1 et seq.)

our Supreme Court in *Kelley v. Kalodner*, supra, p. 187, said: "So far as the Act of Assembly of July 13 [12], 1935 attempts to levy a tax upon the income from real estate or from stocks, bonds and similar securities in the hands of the owner thereof, it is a property tax and subject to the constitutional requirement of uniformity. We pass no opinion upon the question of whether a tax upon the income from trades, occupations or professions is a tax on property, although respectable judicial opinion has indicated that it is not."

It is a reasonable deduction that in so far as The Corporate Net Income Tax Act of May 16, 1935 attempts to levy a tax on the real estate, stocks, bonds or similar securities of the corporation, the effect of the tax is to levy at least in part a property tax. We understand that to be the conclusion of the Supreme Court as stated by Mr. Justice DREW in *Blauner's, Inc. v. Phila.*, supra, p. 345.

Does it follow that the taxes imposed by the parking ordinance and by The Corporate Net Income Tax Act are not imposed on the same subject? We think that it does not follow. We are here investigating a different problem than that presented where the inquiry is whether the effect of a tax levied is such that it affects property rights and the tax on that account must be uniform. Turning to the Sterling Act, it will be observed that the city was empowered to levy a tax on persons, transactions, occupations, privileges, subjects and personal property, but it must not levy a tax on those same subjects, again repeated verbatim, if the activity or subject is now or hereafter liable to a state tax or license fee. It does not prohibit the imposition of a second tax on the same person; neither does it prohibit the imposition of a second tax of the same kind. A second excise or property tax may be imposed provided, as applied to the matter in hand, that it shall not be imposed on the same property, transaction or

activity of the person. As respects prohibited duplicity, the point of incidence is the transaction taxed. We believe we have demonstrated that the subject of the tax in the ordinance and the statute is the transaction, privilege of doing business—under the statute the privilege of transacting all business or carrying on any activities, under the ordinance the privilege of transacting or carrying on the business in which the corporation happens to be engaged.

Perhaps the appellant will say that the statute imposes a tax on the net income, although that is not what the legislature in plain words has declared. By the same token, it could be argued with equal force that the ordinance imposes a tax on gross income. Gross income comprehends net income and certainly property rights could be affected by taking those gross revenues before a part thereof becomes net income. In fact, it is alleged in the bill of complaint and not denied that "it [plaintiff] does not make a net profit of 5% on the transactions to be taxed" while the tax imposed is 10% of those same transactions. We assume also that the legislature showed by the proviso that it was interested in preserving to the state the sources of taxes already drawn upon and did not wish the city to take such income from it.

It remains to consider the contention of the appellant that the question is ruled by *Blauner's, Inc. v. Phila.*, supra. In that case a tax was imposed by ordinance by the city of Philadelphia on all retail sales within the city limits with the exception of certain sales of food, drugs, newspapers and periodicals. The tax was imposed on the vendee. That there was no duplicity is conclusively shown by the statement in the opinion: (p. 345) "The persons taxed are wholly different. The sales tax is imposed upon the purchaser or consumer; the net income tax is on the corporation receiving the income." It seems to us very plain, as it did to the

Supreme Court, that the taxes were not on the same transactions because they were imposed upon different persons. The one tax was imposed on the privilege of doing business and the other was imposed upon retail purchases—two distinct transactions.

The pleadings and stipulation to which we have directed attention force us to the conclusion that the city has attempted to levy a tax which is unreasonably discriminatory, confiscatory and invalid. When the legislature by the Sterling Act authorized the city to levy certain taxes, it did not thereby delegate to the city the power to destroy legitimate business. Without here challenging the oft repeated assertion that the legislature may extend the taxing power to a point of exhaustion and destruction thus becoming in its exercise a power to destroy (Cooley on Taxation, Chapter IX; *McCulloch v. Maryland*, 4 Wheat. 431), it is sufficient to say in the words of Mr. Justice WHITE *(Knowlton v. Moore*, 178 U. S. 41, 60, 20 S. Ct. 747) that "the power to destroy which may be the consequence of taxation is a reason why the right to tax should be confined to subjects which may be lawfully embraced therein." There is not a word in the record to indicate that the parking of automobiles on open lots is an undesirable business or one such as the sale of intoxicating liquors which should be discouraged. To the contrary, it is a matter of common knowledge that the objectionable overcrowding and congestion of public streets is relieved by parking facilities on private lots. Yet under a claimed power to tax, the city has levied a tax in a sum more than twice the net earnings of this corporation from its parking transactions and a tax at a rate out of all proportion to that levied on other businesses. Even if we concede that the power of the legislature to tax is a power to destroy, the legislature never intended by the Sterling Act to delegate to the city the power to determine that a legitimate business

should not be carried on. This tax is so oppressive and excessive that it amounts to confiscation and is discriminatory.

The order of the court below is affirmed at the cost of the appellant.