THE PEOPLE OF THE STATE OF NEW YORK ex rel.
GEORGE A. STAFFORD, Appellant, *v.* EUGENE M.
TRAVIS, as Comptroller of the State of New York,
Respondent.

Tax — Income Tax Law — constitutionality of provision
requiring non-residents to pay tax on net income of business
carried on in this state (Tax Law, Cons. Laws, ch. 60, amd.
L. 1919, ch. 627, and L. 1920, ch. 191) — provision for exemptions
in certain case not invalid as amended by Laws 1920, ch.
191 — tax imposed, under this statute, not invalid as being
imposed upon interstate commerce, upon imports, or upon
imposts and duties (U. S. Const. art. 1, § 8, subd. 3; art. 1,
§ 9, subd. 5; art. 1, § 10, subd. 10), nor is such tax retroactive.

1. While a state may not prohibit the citizens of other states from
carrying on legitimate business within its boundaries it may require
such non-residents to contribute in taxes for the support of its govern-
ment. Subdivision 1 of section 2 of article 4 of the Constitution
of the United States provides: " The citizens of each state shall be
entitled to all privileges and immunities of citizens in the several
states." Non-residents are thereby protected from discrimination
in favor of residents but are not exempt from the burdens of taxation.

2. Where the question is whether a state taxing law contravenes
rights secured by that instrument, the decision must depend not
upon any mere question of form, construction or definition, but upon
the practical operation and effect of the tax imposed. The practical
burden of a tax imposed upon the net income derived by a non-
resident from a business carried on within the state is no greater than
that of a tax upon the conduct of the business, and this the state has
the lawful power to impose. (*Shaffer* v. *Carter*, 252 U. S. 37,
followed.)

3. The tax imposed by the Tax Law, as amended by chapter 627,
Laws of 1919, upon and with respect to the net income from every
business carried on in this state by persons not residents of the state,
is not for the privilege of carrying on a legitimate business within
the boundaries of the state, for that is a privilege granted by the
Federal Constitution. It is the imposition of a tax upon business
done by a non-resident in this state no greater in any respect than the
tax imposed upon the conduct of such a business by a resident of the
state. It is measured by a percentage on the net income from the
business. Such a tax is just and constitutional.

4. Section 362 of article 16 of the Tax Law (L. 1919, ch. 627), relating to exemptions, improperly discriminated against non-residents, but it was a separable part of the act which in no way affected its general purpose, and although so long as the discrimination continued in the act it resulted in making the tax as against a non-resident uncollectible, when the act was amended by chapter 191 of the Laws of 1920, so as to eliminate the discrimination, the act as expressly provided therein remained in full force and effect, and the tax against the relator, a non-resident, should be sustained as if the unconstitutional distinction therein as between resident and non-resident in the matter of exemption had never been in the act.

5. Even if the legislature had not expressly stated in the act, as it did (§ 385, subd. 2), that if any part thereof was adjudged invalid it should not impair or invalidate the remainder of the act, it cannot reasonably be contended that the legislature would have failed to pass the act had it not contained the provision in regard to exemptions discriminating against non-residents contained therein.

6. The objections that the tax is invalid because it is imposed upon interstate commerce in violation of the United States Constitution (Art. 1, § 8, subd. 3) and upon exports in violation of the United States Constitution (Art. 1, § 9, subd. 5) and upon imposts or duties laid by the state on exports without the consent of congress in violation of the United States Constitution (Art. 1, § 10, subd. 2), and that it is retroactive, are without merit.

7. Orders for goods were taken by the relator in foreign countries by traveling salesmen, which there became consummated agreements of purchase and sale between the relator and such customers. As to these transactions, the proceedings are remanded to the comptroller for further hearing as to that part of the tax based upon the sales, if any, consummated by the traveling salesmen of the relator, and if he finds that such sales were consummated outside of the state of New York then to adjust the amount of the net income of the relator from such sales according to the proportionate amount of business done in making the purchase of the goods and forwarding the same in the city of New York and the sales thereof made as asserted outside of the state of New York.

*People ex rel. Stafford* v. *Travis*, 195 App. Div. 635, reversed.

(Argued April 21, 1921; decided May 31, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 25, 1921, which unanimously affirmed a deter-

mination of the state comptroller assessing an income tax against the relator for the year 1919, under article 16 of the Tax Law.

*Louis H. Porter* for appellant. The respondent erred in assessing a tax upon net income of $201,401.06, as derived by the relator from business or trade or occupation carried on in New York. Ninety-one thousand, nine hundred and ninety dollars and one cent of said income was not derived from business in New York, and the tax imposed thereon is invalid. (*Werle* v. *Colquhoun*, 2 Tax Cases, 402; *Turner, Ltd.,* v. *Richman*, Q. B. D., 4 Tax Cases, 25; *McPherson* v. *Moore*, 6 Tax Cases, 107; *Shaffer* v. *Carter*, 252 U. S. 37; *Travis* v. *Yale & Towne Mfg. Co.*, 252 U. S. 60; *People ex rel. A. P. C. Co.* v. *Knapp*, 230 N. Y. 48.) A tax on the income of a non-resident of the state derived by him from the direct exportation of goods to foreign countries, is a tax on exports and is forbidden by section 10 of article 1 of the Federal Constitution, and to the extent of three per cent on $91,990.91 of income the tax imposed in this case is invalid. (*Kelley* v. *Rhoades*, 188 U. S. 1; *Bacon* v. *Illinois*, 227 U. S. 504; *Coe* v. *Errol*, 116 U. S. 517; *Peck & Co.* v. *Lowe*, 247 U. S. 165; *U. S. Glue Co.* v. *Oak Creek*, 247 U. S. 321; *Pollock* v. *Farmers' L. & T. Co.*, 158 U. S. 601; *Thames & Mersey Ins. Co.* v. *U. S.*, 237 U. S. 19; *United States* v. *Hvoslef*, 237 U. S. 1; *Fairbank* v. *United States*, 181 U. S. 283; *Brown* v. *Maryland*, 12 Wheat. 419; *Turpin* v. *Burgess*, 117 U. S. 504; *Cook* v. *Pennsylvania*, 97 U. S. 566.) The act of 1920, in terms imposing a retroactive tax on the income of non-residents received during the year 1919, is in conflict with article 3, section 24, of the State Constitution, and with section 10 of article 1, and the Fourteenth Amendment to the Constitution of the United States, and the entire tax imposed in this case is invalid. (*Travis* v. *Yale & Towne Mfg. Co.*, 252 U. S.

60; *People ex rel. A. P. C. Co.* v. *Knapp*, 230 N. Y. 60; *Matter of Pell*, 171 N. Y. 48; *Matter of Craig*, 97 App. Div. 289; *State Tax on Foreign Held Bonds*, 15 Wall. 300; *United States* v. *Erie R. R. Co.*, 106 U. S. 327; *Dewey* v. *Des Moines*, 173 U. S. 193; *City of New York* v. *McLean*, 170 N. Y. 374; *Wilcox* v. *City of Rochester*, 129 N. Y. 247; *Hilton* v. *Fonda*, 86 N. Y. 340; *Mygatt* v. *Washburn*, 15 N. Y. 316; *Litchfield* v. *Vernon*, 41 N. Y. 123; *Dorwin* v. *Strictland*, 57 N. Y. 492; *Stewart* v. *Crysler*, 100 N. Y. 378; *Maltbie* v. *Lobsitz Mills*, 223 N. Y. 227.)

*Charles D. Newton*, Attorney-General (*James S. Y. Ivins* of counsel), for respondent. The relator's business is carried on within the state of New York, and he is taxable upon the net income therefrom. (*Harvey* v. *De Long Hook & Eye Co.*, 211 N. Y. 420; *Burrowes Co.* v. *Caplin*, 127 App. Div. 317; *Cummer Co.* v. *A. M. Ins. Co.*, 67 App. Div. 151; *People ex rel. Standard Oil Co.* v. *Roberts*, 25 App. Div. 13; *People ex rel. W. M. Co.* v. *Roberts*, 8 App. Div. 201; 151 N. Y. 619; *People ex rel. Thomas Clock Co.* v. *Wemple*, 133 N. Y. 323; *People ex rel. Kellogg* v. *Roberts*, 30 App. Div. 150; *People ex rel. Brewing Co.* v. *Roberts*, 22 App. Div. 282; *People ex rel. Smith Co.* v. *Roberts*, 27 App. Div. 455.) The tax on that part of relator's net income stated by him to have resulted from transactions in goods shipped abroad is constitutional. (*Kelley* v. *Rhoades*, 188 U. S. 1; *Bacon* v. *Illinois*, 227 U. S. 504; *Peck & Co.* v. *Lowe*, 227 U. S. 165; *U. S. Glue Co.* v. *Oak Creek*, 227 U. S. 321; *Levick Co.* v. *Pennsylvania*, 245 U. S. 292; *Shaffer* v. *Carter*, 252 U. S. 37.) The tax is not unconstitutionally retroactive. (*Shaffer* v. *Carter*, 252 U. S. 37; *People ex rel. A. P. C. Co.* v. *Knapp*, 230 N. Y. 60.)

CHASE, J. In 1919 the legislature passed what is known as the Income Tax Law (Laws of 1919, chap. 627) and

it was added to the Tax Law (Consolidated Laws, chap. 60) as article 16. It went into effect May 14, 1919. It provides: " A tax is hereby imposed upon every resident of the state, which tax shall be levied, collected and paid annually upon and with respect to his entire net income as herein defined. * * * A like tax is hereby imposed and shall be levied, collected and paid annually * * * upon and with respect to the entire net income as herein defined, except as hereinafter provided, from all property owned and from every business, trade, profession or occupation carried on in this state by natural persons not residents of the state. Such tax shall first be levied, collected and paid in the year nineteen hundred and twenty upon and with respect to the taxable income for the calendar year nineteen hundred and nineteen, or for any taxable year ending during the year nineteen hundred and nineteen." (Section 351.)

It also provides: " The following exemptions shall be allowed to any resident tax payer:

" 1. In the case of a single person, a personal exemption of one thousand dollars, or in the case of the head of a family or a married person living with husband or wife, a personal exemption of two thousand dollars. * * *" (Section 362.)

Other exemptions were also provided by the section. The time fixed in 1920 for filing returns and for their payment of the tax was March 15, but it was extended to June of that year.

Thereafter the Yale & Towne Manufacturing Company brought an action in equity against the state comptroller in the District Court of the Southern District of New York for relief against the threatened action of the comptroller to enforce the provisions of the act on the ground that the statute is illegal and unconstitutional. The action was tried August 6, 1919 and the decision is reported in 262 Federal Reporter, 576. In the opinion

Judge Knox says: " By reason of the decision which I have determined should be made in this case it will be unnecessary to enter upon a discussion of the enactment in· its entirety." After referring to several authorities he further says: " Tested by the standard of the principles set forth in the foregoing cases its failure to accord to non-residents of the state the exemptions and immunities provided for to residents, make .this law *or part of it* invalid."

He further says: " I am constrained to hold that the provisions of chapter 627 of the laws of the state of New York for the year 1919 are in so far as they attempt to assess, lay and collect a tax upon citizens of the United States who are not residents of the state of New York and who are citizens of other states without according them the privileges and immunities afforded by said act to citizens of the United States who are citizens of the state of New York and resident therein, are unconstitutional and void. Nothing herein, however, is meant to be decided as to the validity of the statute so far as it relates to residents of the state of New York. Neither that question nor the question as to the power of the state to lay a tax upon non-resident citizens of another state based upon their earnings in this state for personal service rendered need, in view of the basis of my decision, now be considered."

An appeal was taken from the judgment entered therein to the· Supreme Court. The decision is reported in 252 United States, 60. In the report it is stated that. the " Appeal is from the District Court of the United States for the Southern District of New York" to review a decree enjoining the enforcement of the Income Tax Law of that state as against non-residents. The decree was affirmed but the court in the opinion say: " That the state of New York has jurisdiction to impose a tax of this kind upon the incomes of non-residents arising from any business, trade, profession, or occupation carried on

within its borders, enforcing payment so far as it can by the exercise of a just control over persons and property within the state, as by garnishment of credits (of which the withholding provision of the New York law is the practical equivalent); and that such a tax, so enforced, does not violate the due process of law provision of the 14th Amendment, is settled by our decision in *Shaffer* v. *Carter*, this day announced (252 U. S. 37) involving the Income Tax Law of the state of Oklahoma. That there is no unconstitutional discrimination against citizens of other states in confining the deduction of expenses, losses, etc., in the case of non-resident tax payers, to such as are connected with income arising from sources within the taxing state, likewise is settled by that decision." (p. 75.)

The judgment in that case authoritatively determined that the act as passed in 1919 is unconstitutional so far as it then applied to the Yale & Towne Manufacturing Company, a non-resident corporation. Its determination was intended to be limited to the facts as they were found in that case and the statutes as they existed with the unconstitutional discrimination as to exemptions at the time the action was brought as stated. The decision in that case was rendered March 1, 1920. On April 14, 1920, the legislature of this state passed chapter 191 of the laws of that year to take effect immediately by which it amended said section 362 of the Tax Law by omitting the word " resident " in the first clause thereof. By the same act the legislature added section 351-a, as follows:

" The tax provided for in section three hundred and fifty-one of this chapter, upon and with respect to income derived from all property owned and from every business, trade, profession or occupation carried on in this state by natural persons not residents of the state, is hereby reimposed with respect to the taxable income for the calendar year nineteen hundred and nineteen and for any taxable year ending during the year nineteen hundred

and nineteen, and for· each year thereafter. Such tax shall be levied, collected and paid for the year nineteen hundred and nineteen and returns with respect thereto shall be filed on or before June thirtieth, nineteen hundred and twenty, unless the time shall be extended as provided in this article.''

The relator is and· at all the times herein mentioned was a resident of the state of Connecticut. In 1919 and since he has been engaged in business in the city of New York in purchasing cotton goods from manufacturers in other states and selling them to customers as hereinafter stated. The relator did not make his return as provided by the Tax. Law until after the decision in the *Yale & Towne Manufacturing Company* case and the enactment of chapter 191 of the Laws of 1920. His return was made on June 16, 1920, as of December 31, 1919, and he then paid his tax under protest. He thereupon applied to·the comptroller by petition for a revision and readjustment of the accounts assessed for income tax against him for the year 1919 and a hearing upon his petition was granted at which testimony was taken and after hearing counsel the comptroller decided that the relator was not entitled to have a readjustment' of his accounts for income tax. A certiorari was obtained to review the action of the comptroller and the Appellate Division of the Supreme Court after a hearing unanimously affirmed the determination of the comptroller. (*People ex rel. Stafford* v. *Travis,* 195 App. Div. 635.) An appeal is taken to this court therefrom.

While a state may. not prohibit the citizens of other states from carrying on legitimate business within its boundaries it may require such non-residents to contribute in taxes for the support of its government. Subdivision 1 of section 2 of article 4 of the Constitution of the United States provides: '' The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states.'' Non-residents are thereby .protected

from discrimination in favor of residents but are not exempt from the burdens of taxation.

In the *Shaffer* v. *Carter Case* (pp. 54, 55) it is said: " It is insisted, however, both by appellant in this case and by the opponents of the New York law in *Travis* v. *Yale & Towne Mfg. Co.*, 252 U. S. 60, that an income tax is in its nature a personal tax, or a ' subjective tax imposing personal liability upon the recipient of the income; ' and that as to a non-resident the state has no jurisdiction to impose such a liability. This argument, upon analysis, resolves itself into a mere question of definitions, and has no legitimate bearing upon any question raised under the Federal Constitution. For, where the question is whether a state taxing law contravenes rights secured by that instrument, the decision must depend not upon any mere question of form, construction, or definition, but upon the practical operation and effect of the tax imposed. (*St. Louis Southwestern Ry. Co.* v. *Arkansas*, 235 U. S. 350, 362; *Mountain Timber Co.* v. *Washington*, 243 U. S. 219, 237; *Crew Levick Co.* v. *Pennsylvania*, 245 U. S. 292, 294; *American Mfg. Co.* v. *St. Louis*, 250 U. S. 459, 463.) The practical burden of a tax imposed upon the net income derived by a non-resident from a business carried on within the state certainly is no greater than that of a tax upon the conduct of the business, and this the state has the lawful power to impose, as we have seen."

The tax imposed by the act of 1919 upon and with respect to the net income from every business carried on in this state by persons not residents of the state, is not for the privilege of carrying on a legitimate business within the boundaries of the state, for that is a privilege granted by the Federal Constitution. It is the imposition of a tax upon business done by a non-resident in this state no greater in any respect than the tax imposed upon the conduct of such a business by a resident of the state. It is measured by a percentage on the net income from

the business. Such a tax is just and constitutional. The authority of the state to lay a tax is necessarily dependent upon jurisdiction of the subject of the tax. Its jurisdiction as far as it affects the relator is over the business done by him in this state. (*Matter of Maltbie* v. *Lobsitz Mills Co.*, 223 N. Y. 227.) The jurisdiction of the state in the collection of the tax may present questions independent of the question of jurisdiction to impose the tax itself. It is said in the *Shaffer* case that the tax may be valid although the means adopted for its enforcement are not.

It is further said in the *Shaffer* case: " We deem it clear, upon principle as well as authority, that just as a state may impose general income taxes against its own citizens and residents whose persons are subject to its control, it may, as a necessary consequence, levy a duty of like character, and not more onerous in its effect, upon incomes accruing to non-residents from their property or business within the state, or their occupations carried on therein; enforcing payment, so far as it can, by the exercise of a just control over persons and property within its borders." (p. 52.)

The act of 1919 expressly provides: " If any clause, sentence, paragraph, or part of this act shall for any reason be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair, or invalidate the remainder of this act, but shall be confined in its operation to the clause, sentence, paragraph, or part thereof directly involved in the controversy in which such judgment shall have been rendered." (§ 385, subd. 2.)

The section relating to exemptions (362) improperly discriminated against non-residents, but it was a separable part of the act which in no way affected its general purpose, and although so long as the discrimination continued in the act it resulted in making the tax as against a non-resident uncollectible, as shown by the

*Yale & Towne Mfg. Co.* case, when the act was amended so as to eliminate the discrimination the act as expressly provided therein remained in full force and effect and the tax against the relator should be sustained as if the unconstitutional distinction therein as between resident and non-resident in the matter of exemption had never been in the act.

Even if the legislature had not expressly stated in the act that if any part thereof was adjudged invalid it should not impair or invalidate the remainder of the act it cannot reasonably be contended that the legislature would have failed to pass the act had it not contained the provision in regard to exemptions discriminating against non-residents, contained therein. (See *State ex rel. Bolens* v. *Frear*, 148 Wis. 456.) It is unbelievable that a legislature willing to impose a tax with those items in, would be unwilling that the tax should stand if those items were out. (*People ex rel. Alpha P. C. Co.* v. *Knapp*, 230 N. Y. 48, 62.)

Section 351a of chapter 191 of the Laws of 1920 provides that the tax provided for by section 351 of the act of 1919 shall be levied, collected and paid for the year 1919. It is unnecessary at the present time to consider the question as to whether the general reimposition of the tax as stated in said section is a violation of section 24 of article 3 of the Constitution of the state of New York.

The relator objects that the tax is invalid because it is imposed upon interstate commerce in violation of the United States Constitution (Art. 1, § 8, subd. 3) and upon exports in violation of the United States Constitution (Art. 1, § 9, subd. 5) and upon imposts or duties laid by the state on exports without the consent of Congress in violation of the United States Constitution (Art. 1, § 10, subd. 2). These objections are without merit because the tax is not imposed upon the goods which were handled by him in his business in this state nor upon the gross receipts from such business, but simply from the

net income of the business. Such a tax is sustainable even if in the conduct of such business goods are received by interstate transportation and are ultimately exported from the state of New York. (*Shaffer* v. *Carter, supra*, 57.) A tax upon net incomes from whatever source arising is but a method of distributing the cost of government and if there be no discrimination against interstate commerce either in the admeasurement of the tax or in the means adopted for enforcing it, it does not interfere with the power of Congress to regulate commerce among the states. ( *U. S. Glue Co.* v. *Oak Creek*, 247 U. S. 321.)

The tax is upon the net income of the business carried on by relator in this state after all expenses and losses are adjusted and the exportation of the goods accomplished. The net income is then but the result of the business carried on or conducted and such a tax is not laid on articles exported from any state within the meaning of the United States Constitution. (*Peck & Co.* v. *Lowe*, 247 U. S. 165.)

The relator objects that the tax is invalid because it is retroactive. A part of the year 1919 had passed at the time the original act became a law. The amendment thereto was not passed and the relator did not pay the tax until 1920. The argument of the relator is based upon his claim that the tax as imposed, at least so far as it relates to non-residents, is a privilege or excise tax.

As we have already shown, a non-resident has a constitutional right to engage in legitimate business in the state. The tax is not for a privilege already constitutionally provided but to cast upon non-residents a just proportion of the expenses of protecting residents and non-residents in business in this state. That expense should be borne by the persons enjoying such protection. It is a tax upon business done in this state first levied in 1920 but measured by the net income of a designated period, and notwithstanding its imposition the relator

as a non-resident enjoys the same privileges and immunities as residents of the state and his constitutional rights are protected. (*Brushaber* v. *Union Pacific R. R. Co.,* 240 U. S. 1; *Stockdale* v. *Insurance Companies,* 87 U. S. 323; *State ex rel. Bolens* v. *Frear,* 148 Wis. 456.)

The relator maintained an office in New York city where he had samples of cotton goods but not a sufficient quantity from which an order for goods could be filled. He employed traveling salesmen in different places in Europe, South America and Australia, some of whom maintained offices where the name of G. A. Stafford & Co., under which the relator did business, may have been displayed. These salesmen solicited orders for cotton goods and received from the relator a commission on the cotton goods for which they obtained orders, for their salary and expenses. The orders obtained by the salesmen were sent by cable or mail to the relator (except as hereinafter stated) subject to his approval in New York city. When accepted by him he would order the cloth to fill the order from a manufacturer or manufacturers in states in this country other than the state of New York. Such orders on the manufacturers would be boxed by them for foreign shipment and then consigned to the relator in New York city and be paid for by him. When received by the relator he would employ draymen to take them from the cars on which they were received and place them on steamships where they were consigned to his foreign customers. In case of delay in obtaining vessels for shipment the relator stored the cloth to await shipment by him. The purchases and the sales (except as hereinafter stated) were fully consummated in the city of New York. More than one-half of the orders received by the relator were received by him direct from commission merchants in the city of New York who obtained the orders either from the same persons employed as salesmen by the relator in foreign countries or from other sources. The orders received by the relator directly

from commission merchants in the city of New York were filled by purchases by the relator from manufacturers as stated above and by delivery to such commission merchants in the city of New York. While it does not clearly appear from the record that any of the orders taken by the salesmen in foreign countries were accepted on behalf of the relator by such salesmen it is now so asserted by the relator and substantially admitted by the respondent.

As counsel for respondent substantially concedes that some or all of the orders taken by the relator in foreign countries by traveling salesmen employed by him are by authority of the relator accepted for him by such salesmen and there become consummated agreements of purchase and sale between the relator and such customers, it will be necessary to remand the proceedings to the comptroller of the state of New York for further hearing as to that part of the tax based upon the sales if any, consummated by the traveling salesmen of the relator, and if he finds that such sales were consummated outside of the state of New York then to adjust the amount of the net income of the relator from such sales according to the proportionate amount of business done in making the purchase of the goods and forwarding the same in the city of New York and the sales thereof made as asserted outside of the state of New York.

The order of the Appellate Division and determination of the comptroller should be reversed and the proceeding remitted to the comptroller of the state of New York to proceed in accordance with this opinion, without costs to either party.

Hiscock, Ch. J., Hogan, Cardozo, Pound, Mc-Laughlin and Andrews, JJ., concur.

Ordered accordingly.