# APPELLATE DIVISION

OF THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FERDINAND N. MONJO, Relator, *v.* STATE TAX COMMISSION and Others, Respondents.

Third Department, September 8, 1926.

Taxation — income tax — non-resident — tax is limited under Tax Law, § 351, to income from property owned and from trade, etc., carried on in this State — jurisdiction of State Tax Commission must be based on income from property or trade here — relator has principal office in New York city — income from sales and purchases made in Europe not income from business here — no presumption of correctness of assessment — burden not on relator to show profit on European business — lack of jurisdiction is shown over substantial part of income — error of law to hold that European business was part of New York business — case remitted.

Jurisdiction in the State Tax Commission to assess an income tax against a non-resident can exist only where income is derived from property owned or from business, trade, profession or occupation carried on in this State by a non-resident, as prescribed by section 351 of the Tax Law. Unless it appears that the income tax is the product of a New York business or of New York property there is no subject for taxation.

The relator, whose principal office is in New York city, carried on the business of buying and selling furs in Europe through agents. The profit derived from the purchase and sale of furs in Europe was not an income derived from business carried on in this State and, therefore, the State Tax Commission did not have jurisdiction to assess a tax thereon.

Since it appears that a substantial part of the income against which a tax was assessed consisted of income derived from European business, it was error for the State Tax Commission to assess an income tax thereon. The burden is not on the relator to establish the exact amount of income derived from the European business, for there is no presumption that the assessment itself was correct, for that presumption only arises where the State Tax Commission has jurisdiction of the person.

It was an error, of law for the State Tax Commission to hold that the European business of the relator was a part of his New York business and the determination of the Commission is annulled and the proceedings remitted.

CERTIORARI issued out of the Supreme Court and attested on the 25th day of May, 1925, directed to John F. Gilchrist and others, constituting the State Tax Commission, commanding them (as stated in said writ) to certify and return to the Supreme Court of the State of New York, at a Special Term thereof to be held at the Court House in the city of Albany, Albany county, on the 16th day of June, 1925, at the opening of court on that day, all and singular their proceedings had in relation to the assessment of an additional income tax against the relator for the years 1921 and 1922.

*Rosenthal & Heermance* [*S. Michael Ress* and *Clayton J. Heermance* of counsel], for the appellant.

*Albert Ottinger, Attorney-General* [*Henry S. Manley, Deputy Attorney-Genera'*, of counsel], for the respondent State Tax Commission.

H. T. KELLOGG, J.   The State Tax Law imposes an income tax upon the net income of a non-resident to the extent that such income is derived " from all property owned and from every business, trade, profession or occupation carried on in this State by natural persons not residents of the State."   (Tax Law, § 351, as added by Laws of 1919, chap. 627.)   A law imposing such a tax is constitutional (*Shaffer* v. *Carter*, 252 U. S. 37.)   The tax is not laid upon the person but upon the thing.   In the case cited, Mr. Justice PITNEY, in holding that a State may tax the net income of a non-resident, said: " That it may tax the land but not the crop, the tree but not the fruit, the mine or well but not the product, the business but not the profit derived from it, is wholly inadmissible."   Again he said: " As to non-residents, the jurisdiction extends only to their property owned within the State and their business, trade, or profession carried on therein, and the tax is only on such income as is derived from those sources."   In the case of a non-resident complaining of an income tax assessed against his profits, therefore, the question is one of jurisdiction and power to tax.   In such a case it must appear that the income taxed is the product of a New York business, otherwise a subject of taxation is non-existent.

The relator is a resident of the State of Connecticut.   He conducts an extensive business in buying and selling raw furs.   He has a principal office in New York city and a branch office in St. Louis.   He also buys and sells large quantities of fur in Europe through agents in Paris, London and Leipzig.   It was established

on the hearing before the Tax Commission that these agents make acceptances in Europe of offers of sale of furs and offers of purchase thereof, and receive commissions from the relator upon the purchases and sales so made. There can be no doubt that the income received by relator from such transactions is *not* derived from a " business, trade, profession or occupation carried on in this State," and that such income is not taxable. (*People ex rel. Stafford* v. *Travis*, 231 N. Y. 339.) Nevertheless, the Tax Commission assessed the tax upon the basis of all the net income of the relator except his income derived from business done through the St. Louis office. The respondents contend, however, that the relator has failed to show the quantum of the business so done in Europe with such exactness that this court can correct the error; that the tax is presumptively correct until the error and its extent has been precisely shown; that, therefore, under the decision in *People ex rel. Kohlman & Co.* v. *Law* (239 N. Y. 346) the determination of the Tax Commission must stand.

In the *Kohlman* case the complaining taxpayer was a domestic corporation. The tax complained of was assessed under article 9-A of the Tax Law, which imposes a franchise tax upon domestic business corporations, except as therein exempted, the prescribed measure of which was net income derived from New York State business. The question involved was whether certain " bills and accounts receivable arose from orders received or accepted by any officer or agent, or at any place of business, in this State " within the meaning of section 214 of the Tax Law (added by Laws of 1917, chap. 726, as amd by Laws of 1920, chap. 640).* The taxpayer had rested content with the bare statement that some of its accounts were for goods sold through agents who, outside the State, accepted orders therefor, without further specification as to the amount of such accounts. It was held that the tax was presumably correct; that upon the relator was cast the burden of showing any error in the assessment and the quantum thereof; that .it had failed to overcome the presumption of the validity of the tax; that the tax must stand. Nevertheless, the court said: " We leave the question open whether power to remit exists if it appears that the Commission in stating the account has proceeded upon a principle or theory fundamentally erroneous though the court is without the data that enable it to substitute the right assessment for the wrong one." In that case the taxpayer was a resident of the State to the jurisdiction of which its person was at all times subject It was susceptible to taxation, if the

---

* Since amd. by Laws of 1921, chap. 705, and Laws of 1925, chap. 323.— [REP.

Legislature had so decreed, on the basis of its income from whatsoever source derived. The presumption properly obtained, therefore, that the tax was legal until its illegality and the extent thereof had been shown. In our case the taxpayer is a non-resident not subject to taxation. Only the proceeds of its business conducted here were constitutionally taxable. The question was one of jurisdiction to be gained by the constructive presence in the State of the thing to be taxed. It appeared upon the hearing that a substantial portion of the relator's net income was derived from sources outside the State. It may be true that the record did not clearly show the extent of such income. Nevertheless, it having been made to appear that the income taxed was in a substantial part derived from non-State sources, it is evident that the Tax Commission assessed the tax without jurisdiction over the subject of the tax. It would seem clear that the ordinary presumption that a tax has been properly calculated would not obtain to save a tax jurisdiction to make which has thus been shown not to exist. However that may be, it clearly appears that the Tax Commission, in stating the account in this instance, in the language of the *Kohlman* case, " proceeded upon a principle or theory fundamentally erroneous." As to the relator's purchases and sales concluded by agents in Europe, it specifically found " that the business so conducted by the taxpayer personally, or through his foreign representatives, at the so-called London, Paris and Leipzig agencies arises from and is a part of the New York business so conducted by the taxpayer within the State of New York." This finding involved a clear error of law. (*People ex rel. Stafford* v. *Travis, supra.*) Under the intimation appearing in the opinion in the *Kohlman* case itself, therefore, the matter should be remitted.

The case of *People ex rel. Stafford* v. *Travis (supra)* is a precise authority justifying a determination herein that the matter be remitted. That case involved a tax upon the income of a non-resident. It appeared therein that a portion of the net income of the relator was derived from sales consummated outside of the State of New York. The extent of the income so derived did not appear. Nevertheless, the matter was remitted to the Comptroller (now Tax Commission) to take proof in relation to the amount of income so derived and to fix the tax upon net income derived from sales consummated within the State of New York. The court said: " As counsel for respondent substantially concedes that some or all of the orders taken by the relator in foreign countries by traveling salesmen employed by him are by authority of the relator accepted for him by such salesmen and there become consummated agreements of purchase and sale between the relator and such customers, it will

be necessary to remand the proceedings to the Comptroller of the State of New York for further hearing as to that part of the tax based upon the sales, if any, consummated by the traveling salesmen of the relator, and if he finds that such sales were consummated outside of the State of New York then to adjust the amount of the net income of the relator from such sales according to the proportionate amount of business done in making the purchase of the goods and forwarding the same in the city of New York and the sales thereof made as asserted outside of the State of New York."

The determination should be annulled and the proceedings remitted to the Tax Commission to proceed in accordance herewith.

All concur.

Determination annulled, with fifty dollars costs and disbursements, and matter remitted to the State Tax Commission to proceed in accordance with the opinion herein.