25284. BRANDON *v.* STATE REVENUE COMMISSION.

DECIDED JULY 7, 1936.

*Morris Brandon Jr., Inman Brandon,* for plaintiff in error.

*B. D. Murphy, assistant attorney-general,* contra.

SUTTON, J.   This case arose upon direct exception to the judgment of the trial judge finding against an affidavit of illegality interposed by Mrs. Morris Brandon to the levy of a tax execution issued by the State Revenue Commission for income taxes for the year 1932.   It appeared from the affidavit and an agreed statement of facts, that defendant in fi. fa. was a resident married woman, living with her husband; that she claimed an exemption of $3500 from her net income, although her husband had made a separate return of his taxes for 1932 and was allowed a $3500 exemption from his net income; that defendant in fi. fa. acquired certain shares of corporate stock in 1909, worth then $10,100, the fair market value of which was $41,500 on August 22, 1929, which she sold in 1932 for $8998.06, claiming in her return a deductible loss of $32,501.94; and that the commission disallowed both of the claims of the taxpayer.

The State income-tax act of 1931 provides that there shall be deducted from the net income of a married resident individual living with husband or wife an exemption of $3500.   Code, § 92-3106.   We think the words of this statute are so plain and the meaning so obvious as to need no construction, but it should be given the meaning and application as expressed therein.   Liability for the tax rests upon the person by whom the income, in respect

of which the tax is imposed, is received or receivable. The recipient of the income is the person taxable, and unless expressly exempted every recipient is liable therefor. Where a married woman living with her husband has an income of her own, independent of her marital status, the same is not to be considered as a part of her husband's income, but the wife is the recipient and the income is taxable, and the wife is the person liable. Hoeper v. Tax Com., 284 U. S. 206 (52 Sup. Ct. 120, 76 L. ed. 248). There is no proviso or other provision in the Georgia income-tax act providing that in the case of a wife, where the husband has made a return and deducted the exemption of $3500, there shall not be deducted from the wife's net income an exemption of $3500; but on the contrary the income-tax act specifically provides, without qualification, that there shall be deducted from the net income of every resident husband and wife, living together, an exemption of $3500.

■ It is true that the State Revenue Commission has adopted a regulation that "The following personal exemption and credits for dependents may be deducted from the net income of resident individuals. . . (B) Married individuals living with husband or wife, to be taken by either, or divided in any proportion between them; but the total exemption for both not to exceed $3500." However, the income-tax act specifically provides that the revenue commission may only make such regulations as are provided for and consistent with the provisions of that act. Code, § 92-3005. Any regulation inconsistent with the provisions of that law and not authorized thereby is invalid and unenforceable. It has not the force of law. Nor is the contrary of the ruling made in this division borne out by the subsequent provisions in the income-tax act. The language of the corresponding provisions of the Federal income-tax laws on this subject is entirely different from the language of the present section of the State law. The Federal law provides that the exemption can not be claimed by both husband and wife, even though they earn separate incomes, each separately taxable.

■ An income tax is a tax on a person's income, emoluments, profits, and the like, or the excess thereof over a certain amount. See Code, § 92-3107. The income tax is not a property tax, but is more nearly within the category of an excise tax. *Waring* v. *Sa-*

*vannah,* 60 *Ga.* 93; *Featherstone* v. *Norman,* 170 *Ga.* 370 (153 S. E. 58, 70 A. L. R. 449). In some cases it has been stated that an income tax is a tax on the recipient of the income, while in other cases it is said, to be a tax upon the income as a thing, and not upon the person who receives it. It is stated to be "a tax upon the thing called income." Monjo v. Com., 218 App. Div. 1 (217 N. Y. Supp. 669); U. S. v. Philadelphia &c. R. Co., 262 Fed. 188, 190. Whatever may be the strict or technical meaning of income, for tax purposes the term means an actual gain or an actual increase in wealth, and does not include a mere unrealized increase in value. Accordingly, as a subject of taxation, income is the gain derived from capital or labor, or both combined; and income for any given period of time is the amount of gain so derived during the designated period. "Things which are not income can not be made such by mere legislative fiat." State v. Nygaard, 163 Wis. 307 (158 N. W. 87, L. R. A. 1917E, 563); Falk v. Tax Com., 201 Wis. 292 (230 N. W. 64). The amount of profit or gain, taxable as income, resulting from the sale of property is ordinarily the excess of the selling price over the original cost, or over the value at the time of acquisition if the property was acquired otherwise than by purchase. Profit or gain resulting from a sale of property is income, provided the increased value realized by such sale accrued to the property after the date at which incomes first were made subject to such taxation. *State Revenue Com.* v. *Lazear,* 179 *Ga.* 167 (175 S. E. 451). Therefore the excess of the selling price over the cost is not taxable as income where the increment of value realized by the sale had accrued to the property before the beginning of the period for which incomes were first made taxable. Under the income-tax statutes, where property was owned or acquired before the date at which incomes first became subject to taxation, its value on such date shall be taken as the basis of determining the profit from its subsequent sale, and the excess of the selling price of such prior-acquired property over its value at the date so specified by the statute would be subject to taxation. Such a statute, however, relating to value on a specified date, operates merely as a limitation upon the amount of tax where it would otherwise be greater if computed on the basis of actual cost; and where the gain if computed on the basis of the value at the statutory date would be greater than the actual excess of the selling price over

the original cost, the statute is inapplicable, since that which is not income in fact can not be made income by an act of the legislature. The income-tax act of Georgia provides that "in computing net income there shall be allowed as deductions . . (d) Losses sustained during the taxable year and not compensated for by insurance or otherwise" (Code, § 92-3109), and that "the basis for ascertaining gain derived or loss sustained from the sale or other disposition of property, real, personal or mixed, shall be, in the case of property acquired before August 22, 1929, [the basis statutory date being the date when incomes were first taxable by State law in this State], the fair market value of such property as of that date; and in the case of property acquired after August 22, 1929, the basis shall be the cost of such property at the time of such acquisition." Code, § 92-3119.

Statutes imposing a tax on incomes ordinarily authorize deductions from gross income of particular charges, expenses, losses, or disbursements, in arriving at the net income which is subject to the tax; and of course, where allowable deductions equal or exceed the gross income of the taxpayer, no tax is payable. Williams v. Com., 272 Mass. 249 (171 N. E. 727). So where property is sold or otherwise disposed of at a loss, the entire amount of such loss is deductible, under a statute permitting the deduction of such losses from income for the year in which the sale or disposition of the property takes place, regardless of when the shrinkage of its value occurred. It is frequently provided, as in this State, that in ascertaining the loss resulting from the sale or other disposition of property owned on or acquired before a specified date, its value at such date shall be taken as a basis of the determination. Such a statute, however, operates merely as a limitation upon the amount of the loss which may be deducted, where it would otherwise be greater if computed with reference to the actual cost of the property; and the statute is inapplicable where the loss, if computed with reference to the value on the statutory date, would be greater than the difference between the actual cost of the property and its selling price. So where the selling price of property is less than the value of such property on the date specified by the statute, but equal to or greater than its original cost, no loss results, and no deduction may be made. So, under the income-tax act of this State, profit from the sale of property is income for the year in

which the sale is made. Such profit is the difference between the cost and the sale price, if the property was acquired after August 22, 1929. If it was acquired before then, the profit is the difference between the sale price and the cost or the value on August 22, 1929, whichever one of these last-mentioned items is greater. Thus, profits derived from the sale of property, including corporate stock, are income under all the income-tax laws, and such profits are measured by the difference between the cost, or value as of August 22, 1929, in this State, the statutory date, and the amount realized from the sale. And such profits become income only when the sale is made. *Norman* v. *Bradley,* 173 *Ga.* 482, 486 (160 S. E. 413). It would seem at first glance that the literal meaning of the provisions of our income-tax law considered in determining whether there has been a deductible loss in the sale of property acquired before August 22, 1929, in the amount as contended by the defendant in fi. fa., is that where property was acquired before August 22, 1929, and was sold thereafter, in ascertaining whether there was a loss or gain in the sale, and the amount thereof, the difference between the fair market value of the property on August 22, 1929, and its sale price controls as to whether there is a taxable gain or a deductible loss arising from such sale, and therefore that as to the property in this case, which was acquired in 1909, where the fair market value of the property on August 22, 1929, was $41,500 and the property was sold for $8998.06, there would be a deductible loss which would be the difference between the fair market value on August 22, 1929, and the sale price, to wit $32,-501.94, although the value of the property at the time of its acquisition by the taxpayer was only $10,100. However, from the great weight of authority, including the decisions of the United States Supreme Court, corresponding and similar provisions in other income-tax laws have not been so construed. They all say that the basis or statutory date used in income-tax statutes is only as a limitation.

Our statute, while not like it word for word, is somewhat similar to the Federal income-tax statute as it formerly was, and also similar to corresponding provisions of income-tax laws of other States, from which our law was modeled, and many of the features of the various acts are practically identical. The Federal income-tax law, as it was when the decision of *Norman* v. *Bradley,* supra, was pub-

lished, defined the basis for determining gain or loss from the sale of property as follows: "The basis for determining the gain or loss from the sale or other disposition of property acquired before March 1, 1913, shall be . . the cost of such property . . or . . the fair market value of such property as of March 1, 1913, whichever is greater." *Norman* v. *Bradley,* supra. If corporate stock purchased before March 1, 1913, is in fact sold for more than cost, although for less than its value on such date, the value on that date can not be adopted for the purpose of showing a loss which can be deducted in assessing an income tax under the act of 1918, providing that, for the purpose of ascertaining loss sustained from the disposition of property, in case of property acquired before March 1, 1913, the basis shall be the fair market price or value of such property as of that date. U. S. *v.* Flannery, 268 U. S. 98 (45 Sup. Ct. 420, 69 L. ed. 865). In that case the Supreme Court of the United States held that Flannery, who had purchased stock before March 1, 1913, for which he paid less than $95,000, and which had a market value of $116,000 on March 1, 1913, and was sold in 1919 for $95,000, suffered no deductible loss. The actual loss, as fixed by the difference between the purchase-price of corporate stock purchased before March 1, 1913, and its sale price, is the basis of deduction, under the income-tax act of 1918, providing that for the purpose of ascertaining the loss sustained from the disposition of property the basis shall be, in case of property acquired before March 1, 1913, the fair market price or value of such property as of that date, although the value was greater on that date than the purchase-price. In McCaughn *v.* Ludington, 268 U. S. 106 (45 Sup. Ct. 423, 69 L. ed. 868), the Supreme Court held that where the taxpayer in 1919 sold stock purchased before March 1, 1913, for $3800, which amount was then $28,000 less than cost and $33,000 less than its value on March 1, 1913, the loss was the difference between cost and sale price. See also Pioneer Cooperage Co. *v.* Com., 17 B. T. A. 119, affirmed, 53 Fed. (2d) 43. The U. S. Board of Tax Appeals had before it a case where in 1903 a taxpayer purchased certain lots, which with improvements he placed thereon had an actual cost of $400 each. The fair market value of the lots on March 1, 1913, was $500 each. The taxpayer sold the lots in 1919, for $325 each. It was held that the deductible loss was $375 or $75 on each lot, and

not $125 on each lot. Conway v. Tax Com., 9 B. T. A. 664. In another case a taxpayer, before March 1, 1913, purchased 790 shares of stock for $79,000. In 1920 he sold that stock for $31,-584.20. The stock had a fair market value of $240,428.60 on March 1, 1913. It was held that the taxpayer's deductible loss was $47,415.60, the difference between the cost and the sale price, and not $208,844.40, the difference between the basic value and the sale price, as claimed by the taxpayer. App. Honomu Sugar Co., 2 B. T. A. 347. So, applying the foregoing principles in the construction of section 92-3119 of the Code, the claim of the defendant in fi. fa. for a deductible loss of $32,501.94 in this case was properly disallowed by the revenue commission. Her deductible loss, as allowed by the revenue commission, was the difference between the value of such stock at the time of its acquisition in 1909, which was $10,100, and the price at which the stock sold in 1932, which was $8998.04, amounting to $1101.96, although the fair market value of the stock on August 22, 1929 was $41,500. This sum of $1101.96 allowed by the revenue commission represented the actual loss suffered by the taxpayer.

Under the foregoing rulings, the court erred in finding against the affidavit of illegality on the ground of the $3500 exemption claimed by the taxpayer, but properly found against the claim of illegality on the second ground, as pointed out in division 3 of this opinion.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*