25544. STATE REVENUE COMMISSION *v.* PORTER.

DECIDED DECEMBER 5, 1936. REHEARING DENIED DECEMBER 17, 1936.

*M. J. Yeomans, attorney-general, B. D. Murphy, assistant attorney-general,* for plaintiff in error.

*Colquitt, MacDougald, Troutman & Arkwright, Jones, Johnston, Russell & Sparks, Robert S. Sams,* contra.

STEPHENS, J. Mrs. O. S. Porter sued the State Revenue Commission to recover $868.42, an amount paid by her as income taxes which it was alleged were erroneously and illegally assessed against her by the commission for the fiscal year beginning March 1, 1930, and ending February 28, 1931. The case was tried by the judge without a jury, on an agreed statement of facts, the salient portion of which was as follows: "On May 15, 1931, plaintiff filed her income-tax return for the fiscal year beginning March 1, 1930, and ending February 28, 1931. On January 1, 1931, plaintiff was

the owner of three hundred eighty-four shares of the preferred stock of the Bibb Manufacturing Company of Macon, Georgia. Said stock was acquired by plaintiff prior to August 22, 1929, at the cost of $5600.47. The fair market value of said stock on August 22, 1929, was $103 per share, or $39,552. On January 2d, 1931, the plaintiff sold said stock at a price of $103 per share, receiving therefor the sum of $39,552. At the time of filing her income-tax return on May 15, 1931, the plaintiff reported a net income of $35,234.42 and paid a tax thereon in the amount of $929.19. This tax was computed by the plaintiff under the income-tax act of 1929. In said income-tax return, the plaintiff reported as a profit the sum of $33,951.53, representing the difference between the original cost and the price at which the said stock of the Bibb Manufacturing Company was sold. Plaintiff contends that no profit was derived from the sale of said stock, and that there was no taxable income based thereon, for the reason that said sale took place after January 1, 1931, the effective date of the act of 1931, and because the amount received for the stock was no more than its fair market value as of August 22, 1929. The State Revenue Commission contends that under the act of 1931, the income tax of the plaintiff should be computed under the act of 1929, for ten twelfths of the year ending February 29, 1931, and under the act of 1931, for two twelfths of the period, and that there was a taxable profit from the sale of said stock in the amount of $33,951.53, as to which the income tax of the plaintiff should be computed under the act of 1929, for ten twelfths of the year ending February 28, 1931. It is agreed that if the plaintiff is correct in her contention she is entitled to recover $868.42, principal, with interest at 6 per cent. per annum from May 28, 1931. If the State Revenue Commission is correct in its contention, the State Revenue Commission is entitled to recover of plaintiff the sum of $292.33 with interest at 6 per cent. from December 1, 1934. The plaintiff specifically waives any defense which may be based upon the statute of limitations or of any limitation of time in which the deficiency shall be assessed, and agrees that a verdict and judgment may be entered against her for the amount contended for by the defendant, in the event defendant's contention with reference to her liability for the tax is sustained." The court rendered a judgment for the plaintiff, in the amount sued for. To this judgment the defendant excepted.

Whatever income may have accrued out of the sale of the plaintiff's stock accrued on the date of its sale, which was January 2, 1931. This was after the effective date of the act of 1931, which was January 1, of that year. The basic date under this act, for the computation of income arising out of the sale of property, where the property was acquired before August 22, 1929, is August 22, 1929. The agreed fair market value of the plaintiff's stock on that date was $39,552. On January 2, 1931, the plaintiff sold the stock for $39,552. She purchased the stock before August 22, 1929, for $5600.47. She contends that by the application of the provision of the act of 1931, there was no taxable income arising out of the sale of the stock, and that she is entitled to recover of the defendant the amount which she paid as taxes on income derived from the sale. There is, however, another provision of the act of 1931, which is specific, and it supersedes any general provision of the act. It is applicable where a return made for taxes, as was the return of the plaintiff, is for a fiscal year, as is permitted under the act, and the fiscal year begins in one calendar year and ends in another calendar year. The plaintiff's return was for the fiscal year beginning March 1, 1930, and ending February 28, 1931. Her fiscal year began in the calendar year 1930, and ended in the calendar year 1931. It was on January 2, 1931, during this fiscal year, that the stock was sold. This provision of the act, as contained in section 20(e) (Ga. L. Ex. Sess., 1931, pp. 24, 40, Code, § 92-3118(e)), is as follows: "If it is necessary to compute the tax for a period beginning in one calendar year (hereinafter in this section called 'first calendar year') and ending in the following calendar year (hereinafter in this section called 'second calendar year'), and the law applicable to the second calendar year is different from the law applicable to the first calendar year, then the tax under this act for the period ending during the second calendar year shall be the sum of: (1) the same proportion of a tax for the entire period, determined under the law applicable to the first calendar year and at the rates for such year, which the portion of such period falling within the first calendar year is of the entire period; and (2) the same proportion of a tax for the entire period, determined under the law applicable to the second calendar year and at the rates for such year, which the portion of such period falling within the second calendar year is of the entire period."

Is there an imposition of a tax by the above-quoted section of the act of 1931, or does this section of the act merely provide a method for the calculation of a tax which is imposed by other provisions of the act? As no other section makes any attempt to impose any taxes for a fiscal year, it would seem that this section, which points out how the taxes for the fiscal year should be paid, should be construed as imposing a tax for the fiscal year for which the taxpayer elects to make the yearly return. The language of this section clearly indicates that a tax is imposed by the provisions of the act, and warrants and justifies the conclusion that the legislature intended thereby to impose a tax on those who make returns on a fiscal year basis, computed according to the method prescribed in the section. The act of 1931, although it did not become of force until the date of its approval, which was March 31, 1931, became effective as of January 1, 1931. Before that date the income-tax act of 1929 was in effect. As provided in section 20(e) of the act of 1931, which is the law applicable for the determination of the amount of income taxes due by the plaintiff for her fiscal year beginning March 1, 1930, and ending February 28, 1931, which covers portions of the two calendar years 1930 and 1931, her taxes must be determinable with reference both to the provisions of the act of 1929, which was effective during 1930, and the act of 1931, which became effective January 1, 1931, and be computed and determined according to the rule prescribed in section 20(e) of the act of 1931. As stated in the brief of counsel for the State Revenue Commission, with respect to the method of determining the tax under section 20(e) of the act of 1931, "The income tax of Mrs. Porter for the fiscal year ending February 28, 1931, should be computed for the entire year under the income-tax act of 1929, which was in force until January 1, 1931, and also for the entire year under the income-tax act of 1931, and the tax calculated on the basis of the number of months in the fiscal year falling under each period." This was the method adopted by the revenue commission in computing the amount due by the plaintiff as taxes for her fiscal year. It seems to be the method authorized by this section of the act when properly interpreted.

In Sakaba Oil Cor. *v.* Commissioner, 71 Fed. (2d) 370, Judge Sibley, of the Circuit Court of Appeals in the fifth circuit, was considering a question which arose under the internal-revenue act

of 1926, and under a section of that act which is almost identical with section 20(e), of the Georgia income-tax act of 1931. Code, § 92-3118(e). This section of our Georgia act of 1931, was copied almost verbatim from the Federal revenue-act of 1928 (section 105). In discussing the provision of the Federal internal-revenue act of 1926 (section 207(a)), Judge Sibley used the following language: "It does not appear whether the lease was sold before or after January 1, 1925; but that makes no difference, because only one return is required for the taxable year, and the tax is imposed for that year as a unit, whether it be a calendar year or a different fiscal year. The fiscal year might have been left for simplicity under the law under which it began, or it might have been closed at the effective date of a new law, but Congress ordained a different plan. As a special provision overriding general provisions where it applies, section 207(a), 26 U. S. C. A., § 938(a) declares: 'If the taxpayer makes return for a period beginning in one calendar year . . and ending in the following calendar year, . . and the law applicable to the second calendar year is different from the law applicable to the first calendar year, then his tax under this chapter for the period ending during the second calendar year shall be the sum of: (1) the same proportion of a tax for the entire period, determined under the law applicable to the first calendar year and at the rates for such year, which the portion of such period falling within the first calendar year is of the entire period; and (2) the same proportion of a tax for the entire period, determined under the law applicable to the second calendar year and at the rates for such year, which the portion of such period falling within the second calendar year is of the entire period.' This return covers a period two thirds of which falls in the calendar year 1924, and one third in the calendar year 1925, and the laws applicable to the two calendar years differ not only in their treatment of depletion in ascertaining a loss by sale, but also in the rate of tax. It is not proper under the quoted provisions to assign two thirds of each transaction in the return, whether of gain or loss, to the year 1924, and one third to the year 1925, nor to separate the transactions according to the calendar years in which they occurred, thus making up a return for each of those years; but the direction of the statute is to ascertain on the entire return a tax for a year ac-

cording to the law of 1924, and set two thirds of that tax down, and then add to it one third of the tax on the entire return for a year ascertained according to the law of 1926. This the Board of Tax Appeals did. There was no net income according to the law of 1924, and hence no tax under that law. According to the law of 1926 there was net income, and a tax and one third of it was determined as the tax due for the fiscal year. This was in accordance with the statute."

Under the application of the provisions of the act of 1929, the plaintiff was taxable on the difference between the price at which she bought the stock prior to August 22, 1929, which was $5600.47, and the amount at which she sold it on January 2, 1931, which was $39,552. See *Norman* v. *Bradley*, 173 *Ga.* 482 (2) (160 S. E. 413); *Brandon* v. *State Revenue Commission*, 54 *Ga. App.* 62 (8) (186 S. E. 872). Under the law as properly interpreted, the plaintiff was due for income tax the amount which she paid to the commission, and was therefore not entitled to recover it on the ground that it was erroneously and illegally paid. · The court erred in rendering judgment for the plaintiff, permitting her to recover the amount of the taxes which she had paid. It was agreed in the statement of facts that if the State Revenue Commission is correct in its contention that the plaintiff was due the amount of taxes which she had already paid and which she was seeking to recover in this suit the commission is further "entitled to recover of plaintiff the sum of $292.33 with interest at 6 per cent. from December 1, 1934." It is directed that judgment be entered accordingly.

*Judgment reversed, with direction. Jenkins, P. J., and Sutton, J., concur.*