Foster, P. J.
This is a proceeding to review under article 78 of the Civil Practice Act a final determination of the State Tax Commission which upheld an additional assessment of income taxes levied against petitioner for the year 1939.
Petitioner is a nonresident of this State but licensed to practice law within the State (Judiciary Law, § 470), and has an office for the practice of his profession at No. 70 Pine Street in the city of New York. The record does not disclose that he is admitted to practice in any other State and he has no other office, as that term is usually understood, for the practice of law. He is, however, licensed to practice in the United States District Courts for the Southern and Eastern Districts of New York, the United States Court of Appeals for the Second Circuit, the Supreme Court of the United States, and before the United States Maritime and Interstate Commerce Commissions. We may take judicial notice that his right to practice before the tribunals enumerated is derived from his right to practice in the courts of this State.
Petitioner’s home is in the State of New Jersey and he is a resident of that State. He also has a farm in Vermont where he resides during a portion of each year. In both places he has done some legal work presumably in connection with his New York practice.
For the tax year 1939, petitioner excluded from his State return income for legal services he performed outside of this State. He contends that he was entitled to thus apportion his professional income upon the basis that such services were personally and physically rendered outside of the State. Except as indicated we think the method of allocation is irrelevant to the legal question posed. That question is whether an attorney admitted to practice in this State and in no other, and who maintains his only established office for the practice of law in this State but whose residence is now in the State of New Jersey, is entitled to an apportionment of his income from legal work in determining his income tax liability as a nonresident.
*636 Section 351 of the Tax Law provides in part: ‘ ‘ A like tax is hereby imposed and shall be levied, collected and paid annually * * * upon and with respect to the entire net income * * # from all property owned and from every business, trade, profession or occupation carried on in this state by natural persons not residents of the state, provided however that a nonresident, other than a dealer holding property primarily for sale to customers in the ordinary course of his trade or business, shall not he deemed to carry on a business, trade, profession or occupation in this state solely by reason of the purchase and sale of property for his own account.” There are other sections that have to do with nonresident taxpayers but we think the section quoted is determinative of the question raised. That is to say the question here may be pin-pointed to the proposition of whether petitioner’s income from the practice of law, for services performed without the State, is from a profession carried on in this State.
We think the answer to this question is rather obvious. Petitioner’s right to perform legal services in places other than in the State of New York is primarily based entirely on the fact that he is admitted to practice law in this State. The record indicates that any services he performed without the State were in connection with his New York practice. Indeed it could scarcely be otherwise. He was not engaged in any ordinary business which he could legally transact anywhere. To the contrary he could lawfully hold himself out as only entitled to practice law in the State of New York, and services performed elsewhere were incidental to the practice he maintained in this State. Except for petitioner’s admission to practice in this State it would be beyond his authority to act as an attorney elsewhere. This situation falls within the regulations adopted by the State Tax Commission, but it would be equally true if there were no such regulations.
The cases cited by petitioner have no controlling relevancy. Each has to do with a business, not a profession, and involves no special privileges granted by the State or regulations exacted thereby (People ex rel. Monjo v. State Tax Comm. 218 App. Div. 1; People ex rel. Stafford v. Travis, 231 N. Y. 339). * The practice of law is quite a different activity from that of ordinary business. Nor do we find anything in the Federal cases cited dissolving this distinction, or which sustains petitioner’s position here. To the contrary it has been clearly held that a State may tax the income of a nonresident derived from carrying on a profession therein (Shaffer v. Carter, 252 U. S. 37).
*637 The State Tax Commission was justified in determining, under the circumstances disclosed, that petitioner’s disputed income was derived from the practice of a profession carried on in this State, and such determination should be confirmed, without costs.
Heffernan, Brewster, Bergan and Coon, JJ., concur.
Determination confirmed, without costs.