## 53733. CHILIVIS v. INTERNATIONAL BUSINESS MACHINES CORPORATION.

BANKE, Judge.

The appellant revenue commissioner issued an assessment against the appellee for additional income taxes claimed to be due for the years 1971 through 1973. An appeal was made to the Superior Court of Fulton County. On cross motions for summary judgment, the trial judge held in favor of the appellee taxpayer, from which judgment the commissioner appeals to this court.

During the years in issue, Code Ann. § 92-3102 (b) (2) (Ga. L. 1969, pp. 114, 115), which has been subsequently amended, read, "There shall be added to taxable income any income taxes imposed by any taxing jurisdiction to the extent deducted in determining Federal taxable income." Based on Code Ann. § 92-3102 (b) (2), the

commissioner added to the appellee's income for Georgia tax purposes the amount of franchise, excise, and privilege taxes paid in other states which were measured by income. The commissioner contends that "income tax" in the statute in issue means any tax, the amount of which is determined by income. The appellee claims that an "income tax" is a tax directly *on* income, and doesn't include franchise, excise, or privilege taxes. We hold that the appellee's construction of the statute is proper and that the superior court properly ruled in its favor.

The term "income tax" has for many years been used as a term of art. It refers to taxes on income and does not include taxes on subjects other than income, although measured by income. Educational Films Corp. v. Ward, 282 U. S. 379 (1931); Stratton's Independence v. Howbert, 231 U. S. 399, 414 (1913); Flint v. Stone Tracy Co., 220 U. S. 107 (1910); Society for Savings v. Coite, 73 U. S. (6 Wall.) 594, 606-607 (1867); *Brandon v. State Revenue Comm.*, 54 Ga. App. 62 (3) (186 SE 872) (1936); *Interstate Bond Co. v. State Revenue Comm.*, 50 Ga. App. 744, 751 (179 SE 559) (1934). The General Assembly must be assumed to have understood the technical meaning of "income tax" when Code Ann. § 92-3102 (b) (2) was enacted in 1969, and the statute shall be construed in accordance with the accepted legal definition. Code § 102-102 (1). Even if the statute were considered to be of doubtful meaning, we would be required to construe it liberally in favor of the taxpayer and against the commissioner. *Mayor &c. of Savannah v. Hartridge,* 8 Ga. 23 (6) (1850).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

Argued April 12, 1977 — Decided April 29, 1977.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Chief Deputy Attorney General, Richard L. Chambers, Deputy Attorney General, H. Perry Michael, Senior Assistant Attorney General, Franklin N. Biggins, Assistant Attorney General,* for appellant.

*King & Spalding, Hershal M. Bloom, Robert G.*

*Woodward,* for appellee.